IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-15-1BO

UNITED STATES OF AMERICA        )
                                )
v.                              )        **O R D E R**
                                )
KENYATTA SYKES                  )


This cause comes before the Court on defendant's motion for clarification and expansion

of the record. [DE 162]. The government has responded to the motion [DE 165], and the matter is

ripe for ruling.

## BACKGROUND

Defendant is currently serving a sentence of 146 months' imprisonment following his

guilty plea to a charge of conspiracy to distribute and possess with intent to distribute fifty grams

or more of cocaine base. 21 U.S.C. §§ 841(a) and 846; [DE 35]; [DE 42]; [DE 159]. Defendant

filed the instant motion seeking clarification and expansion of the record. Defendant argues that

he has been denied eligibility for certain Bureau of Prison program benefits, specifically one year

early release under 18 U.S.C. § 3621, because of a two-level firearm enhancement which was

adopted by the Court at sentencing. Defendant argues that the presentence report, the Court's

statement of reasons, and the transcript of the sentencing hearing are silent as to a forty-caliber

handgun that prompted the two level adjustment for the specific offense characteristic of a firearm

being possessed. *See* PSR ¶ 48.

## DISCUSSION

Contrary to defendant's assertion, the presentence report in this matter clearly references

the forty-caliber handgun which was attributed to the defendant and provided the basis for a two

level enhancement under U.S.S.G. § 2D1.1(b)(1). PSR ¶ 4. Defendant at the sentencing hearing challenged the reliability of the confidential informant who provided information that defendant had been seen in possession of a forty-caliber handgun and the Court heard testimony, overruled defendant's objection, and adopted the findings of the presentence report. *See* [DE 91].

A court may not, except under limited circumstances, modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Defendant has provided no basis upon which the Court could expand the record in this matter to provide additional reasoning in support of its sentence. The motion must therefore be denied.[1]

CONCLUSION

For the foregoing reasons, defendant's motion for clarification [DE 162] is DENIED.

SO ORDERED, this 30 day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that defendant is alleging that his guideline range of imprisonment was incorrectly calculated, such a claim must be raised on direct appeal or through a motion under 28 U.S.C. § 2255. However, the time for filing a direct appeal has long expired and, because defendant's prior § 2255 motion was dismissed on the merits, this Court lacks jurisdiction over such a claim. *See* 28 U.S.C. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Cooley*, 332 F. App'x 886, 887 (4th Cir. 2009) (unpublished) (movant need not receive notice of characterization of motion as successive § 2255 petition).